1
2
3
4
5
6
7

Bryce C. Loveland, Esq., Nevada Bar No. 10132
Christopher M. Humes, Esq., Nevada Bar No. 12782
William D. Nobriga, Esq., Nevada Bar No. 14931
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone:  (702) 382-2101
Facsimile:    (702) 382-8135
Email: bcloveland@bhfs.com
Email: chumes@bhfs.com
Email: wnobriga@bhfs.com

8    *Attorneys for Plaintiffs*

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11
12
13
14
15
16
17
18
19
20

| BOARD OF TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA; BOARD OF TRUSTEES OF THE TEAMSTERS CONVENTION INDUSTRY TRAINING FUND,  Plaintiffs,  vs.  AV TRANQUILITY, INC., an Illinois corporation,  Defendant. | Case No.:  2:24-cv-00183-JAD-DJA  **FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

21

22

23

The Court having heard the Plaintiffs' Motion for Default Judgment against Defendant AV Tranquility, Inc. [ECF No. 8] on 6/10/2024, and for the reasons stated on the record during that hearing, the Court makes the following findings of facts and conclusions of law:

24    **I.    Findings of fact.**

25

26

1.    Plaintiffs are the Trust Funds and are fiduciaries for purposes of the Employee

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1500.

2.    AV Tranquility acted as an employer within the State of Nevada employing persons ("Covered Employees") who perform work covered by a collective bargaining agreement ("CBA") between AV Tranquility and the International Brotherhood of Teamsters Local 631 ("Union").

3.    The CBA requires AV Tranquility to make employee benefit contributions to the Trust Funds on behalf of its Covered Employees.

4.    The Trust Funds are ERISA employee benefit trust funds that provide benefits to Covered Employees.

5.    The Trust Funds are established by Trust Agreements.

6.    Under ERISA and the Trust Agreements, AV Tranquility is obligated to make its books and records available for a contract compliance review.

7.    AV Tranquility has failed to adequately respond to the Trust Funds' requests to make its books and records available for an Audit, by failing to provide all of the needed documents to complete the Audit.

8.    The Trust Funds' governing documents provide that if AV Tranquility fails to make its books and records available for an Audit, the Trust Funds are permitted to presume contributions in the amount of $100,000 for each year covered by the attempted audit.

9.    AV Tranquility has repeatedly refused to make its books and records sufficiently available for the Trust Funds to conduct an Audit.

10.    AV Tranquility has failed to meet its obligations to remit employee benefit contributions to the Trust Funds as set forth in the CBA and Trust Agreements, and as required by 29 U.S.C. § 1145.

11.    As a result of its delinquency, AV Tranquility is liable to the Trust Funds for unpaid contributions, interest, liquidated damages, and attorneys' fees.

**II.    Conclusions of Law.**

1.    "The general rule of law is that upon default the factual allegations of the

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944)).

2.    Federal Rule of Civil Procedure 55(b)(2) permits a court to grant default judgment against a defendant who has failed to plead or defend an action. To determine whether a default judgment is appropriate, courts may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

3.    As to the first factor, the Trust Funds will suffer prejudice if default judgment is not entered because they "will likely be without other recourse for recovery if default judgment is not entered in their favor." *Tr. of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for S. Nev. v. Tile Concepts, Inc.*, No. 2:16-cv-01067-GMN-GWF, 2016 WL 8077987 (D. Nev. Dec. 7, 2016) (*citing Liberty Ins. Underwriters, Inc. v. Scudier*, 53 F.Supp.3d 1308, 1318 (D. Nev. July 8, 2013)) (internal quotation marks omitted). AV Tranquility has failed to meet its obligations to remit employee benefit contributions and has failed to participate in this action. AV Tranquility refused to participate or otherwise defend itself in this action as required by relevant case law. Therefore, because the Trust Funds will have no recourse against AV Tranquility unless default judgment is granted, the first *Eitel* factor favors the entry of default judgment.

4.    The second and third *Eitel* factors address the merits and sufficiency of a plaintiff's claim. *Eitel*, 782 F.2d at 1471–72. The undisputed facts in this case demonstrate that AV Tranquility failed to meet its obligations to provide requested documents as required under the CBAs and Trust Agreements to which AV Tranquility is bound. As a result, AV Tranquility is liable to the Trust Funds for its unpaid contributions, interest, liquidated damages, and attorneys' fees. See 29 U.S.C. § 1132(g)(2). Thus, because AV Tranquility had default entered

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

against it, it has admitted these facts, which should be taken as true. The second and third *Eitel* factors therefore favor the entry of default judgment.

5.      The fourth *Eitel* factor concerns the damages at stake in the case. The damages in this case are reasonable and well-documented, based on an the Trust Funds' governing documents and the calculations performed within the Motion for Default Judgment. Moreover, the damages in this case are also dictated by statute. ERISA states that, in cases like this one, courts shall award unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and the costs of the action, and other legal or equitable relief that the court determines appropriate. 29 U.S.C. § 1132(g)(2). This factor also favors the entry of default judgment.

6.      Regarding the fifth *Eitel* factor, there is no possibility of dispute concerning the material facts. Because AV Tranquility has had a default entered against it, the allegations in the complaint are deemed admitted and taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944)). Therefore, the fifth *Eitel* factor also favors the entry of default judgment.

7.      The sixth *Eitel* factor demonstrates that excusable neglect is not a factor here. The Complaint was filed on January 26, 2024. (ECF No. 1). A Summons was issued to AV Tranquility on January 30, 2024 (ECF No. 3), and the registered agent accepted service of the Summons and Complaint on January 19, 2024. (ECF No. 5). AV Tranquility did not file an Answer. The Trust Funds were then forced to file a Motion for Entry of Clerk's Default on March 20, 2024. (ECF No. 6). AV Tranquility again failed to respond, which led to its failure to adequately plead or otherwise defend the suit, resulting in the entry of default on April 4, 2024. (ECF No. 7). In short, there is no evidence that AV Tranquility's default was the result of excusable neglect. The sixth *Eitel* factor favors the entry of a default judgment.

8.      The seventh and final *Eitel* factor also weighs in favor of entering default judgment. Despite the general policy that cases "should be decided on the merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, when defendants fail to answer the complaint, a

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

decision on the merits is "impractical, if not impossible." *Anzalone*, 2018 WL 3004664 *7 (citing *PepsiCo v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. Dec. 27, 2002). "Thus, the preference to decide a case on the merits does not preclude a court from granting default judgment." *PepsiCo*, 238 F. Supp.2d at 1177 (*citing Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314 (N.D. Cal. Feb. 13, 1996)) (internal quotation marks omitted). The Trust Funds have no recourse to obtain relief other than bringing this suit. Therefore, this factor also weighs in favor of the entry of a default judgment.

9.    The damages set forth by the Trust Funds and their corresponding calculations are supported by the Trust Agreements, the Trust Funds' Collection Policy, and 29 U.S.C. 1132(g)(2).

**IT IS HEREBY ORDERED** that **the Clerk of Court is directed to ENTER JUDGMENT** against Defendant AV Tranquility for delinquent employee benefit contributions ($399,984), liquidated damages ($256,880), interest ($256,880), audit fees ($316) and attorneys' fees and costs ($13,909) **for a total of $927,969 and Close this Case.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: November 4, 2024

Respectfully submitted by:
BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Christopher M. Humes
Christopher M. Humes, Esq., Nevada Bar No. 12782
William D. Nobriga, Esq., Nevada Bar No. 14931
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
*Attorneys for Plaintiffs*